**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL JOHNSON,

                                        Plaintiff,

                                                                9:19-CV-1075
            v.                                                  (LEK/DJS)

H. EIGO,

                                        Defendant.

**APPEARANCES:**                        **OF COUNSEL:**

MICHAEL JOHNSON
Plaintiff, *Pro Se*
03-A-0667
Otisville Correctional Facility
Box 8
Otisville, New York 10963

HON. LETITIA JAMES                      LAUREN R. EVERSLEY, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

        *Pro se* Plaintiff Michael Johnson brings this civil rights action, pursuant to 42

U.S.C. § 1983, alleging that Defendant violated his constitutional rights while he was in

the custody of the Department of Corrections and Community Supervision ("DOCCS")

at Eastern Correctional Facility.   *See* Dkt. No. 1, Compl.   On initial review of the

Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the District Court dismissed

certain claims asserted in the Complaint, leaving only Plaintiff's Eighth Amendment failure to protect claim against Defendant Eigo remaining.  Dkt. No. 9 at pp. 6-8. Defendant has now filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), seeking to dismiss the Complaint in its entirety.  Dkt. No. 30. Plaintiff opposes the Motion.  Dkt. Nos. 36 & 37.[1]  Defendant filed a Reply.  Dkt. No. 38.

For the reasons that follow, the Court recommends Defendant's Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND

On August 13, 2017, Plaintiff was an inmate at Eastern Correctional Facility, where Defendant worked as a Corrections Officer.  Dkt. No. 37, Johnson Decl., ¶ 5; Dkt. No. 30-4, Eigo Decl., ¶ 6.  That day, while in the main recreation yard, Plaintiff was assaulted by another inmate.  Johnson Decl. at ¶ 6; Eigo Decl. at ¶ 7.  Defendant was assigned to the recreation yard and responded to the attack as it happened.  Eigo Decl. at ¶¶ 6 & 8-9.  According to Plaintiff the attack was "unexpected" and he had no indication prior to the attack that it might happen.  Dkt. No. 30-3, Ex. A, Pl's Dep., pp. 17 & 23-24. Defendant Eigo was unaware of any threat to Plaintiff prior to the attack.  Eigo Decl. at ¶ 12.

On August 31, 2017, Plaintiff filed a grievance at Eastern stating that he had been the victim of what he believed was a preventable assault.  Dkt. No. 30-5, Black Decl., ¶

---

[1] Plaintiff served a copy of his response to the Motion upon Defendant's counsel who provided the Court a copy when it appeared from the docket that the Court had not timely received the opposition. *See* Dkt. No. 34.  The Court subsequently received a copy from Plaintiff directly.

24 & Ex. A.  That grievance also referenced outstanding requests under New York Freedom of Information Law ("FOIL").  *Id.* Officials at Eastern categorized this grievance as one relating to FOIL and dismissed it as non-grievable.  *See id.* at Exs. B & D.  Plaintiff's appeal of the dismissal was unsuccessful.  *Id.*

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant.  FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.

*Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendant seeks summary judgment on the merits of the claim, qualified immunity, and Plaintiff's alleged failure to exhaust his administrative remedies. Dkt. No. 30-1, Def.'s Mem. of Law at pp. 4-19. For the reasons which follow, the Court recommends that summary judgment is appropriate on the merits of the Eighth Amendment claim.

## A. Exhaustion of Administrative Remedies

### 1. Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance

"within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires the grievant receive a response from CORC in order to exhaust. 7 N.Y.C.R.R. § 701.8. Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a). The inmate's allegations are then given a grievance number and the superintendent (or his designee) must promptly decide whether the grievance, if true, would represent a bona fide case of harassment. *Id.* at §§ 701.8(b) & (c).

*2. Plaintiff's Grievance*

On the record presently before the Court, Defendant has not established that Plaintiff failed to exhaust the administrative remedies available to him. The Court, therefore, recommends that he is not entitled to summary judgment on this basis.

Defendant concedes that Plaintiff filed a grievance at Eastern Correctional Facility which stated, in part, "On August 13, 2017, I was a victim of an assault in the main yard by an unknown individual. This assault could have been prevented through information and reports, instead my life was jeopardize[d]." Black Decl., Ex. A. The grievance then added that Plaintiff had not received a response to a FOIL request. *Id.* Officials at Eastern Correctional Facility "determined that plaintiff's grievance primarily concerned the FOIL request." Black Decl. at ¶ 28. As a result, the grievance was closed as non-grievable. *Id.* & Ex. D. It appears that this decision was made, at least in part, because inmate on inmate assaults, like FOIL matters, are non-grievable. *Id.* Plaintiff's original grievance, however, did not allege that he had been assaulted by another inmate, claiming instead that he had been the victim of an assault by "an unknown individual." *Id.* at Ex. A.

Plaintiff filed a grievance specifically noting that he was the victim of an assault that could have been prevented. Black Decl., Ex. A. The grievance does not mention Defendant, but Defendant concedes it need not have done so to satisfy the exhaustion requirement. *See* Def.'s Mem. of Law at p. 18; *Randle v. Alexander*, 170 F. Supp. 3d 580, 589 (S.D.N.Y. 2016) ("a prisoner need not name individual defendants or articulate legal theories in a grievance to comply with the PLRA."). The grievance could have been more specific about the facts and the nature of the grievance. Courts, however, generally

require only that a grievance alert prison authorities that the inmate is alleging some wrongdoing.  *See Upson v. Wilson*, 2020 WL 6530782, at *6 (N.D.N.Y. July 23, 2020), *report and recommendation adopted*, 2020 WL 5544200 (N.D.N.Y. Sept. 16, 2020).  In the Court's view, the issue here is less about the content of the grievance and more about the manner in which it was processed.  Despite making clear that he had been the victim of an assault which he believed could have been prevented, the grievance was "determined to be about FOIL concerns."  Def.'s Mem. of Law at p. 17 (citing Black Decl.).  That determination, made by DOCCS personnel, rendered the matter non-grievable and it was dismissed.   Black Decl., Ex. B.  "Dismissal of a grievance can be appealed to the Inmate Grievance Program ("IGP") Supervisor."  *Amaker v. Fischer*, 2016 WL 3974182, at *3 (W.D.N.Y. July 25, 2016) (citing 7 N.Y.C.R.R. § 701.5(b)(4)(iii)).  Plaintiff did so and his appeal was denied.  Black Decl. at ¶¶ 27-28.  At that point, it appears Plaintiff's administrative remedies with respect to the grievance he had filed were exhausted.  *See* 7 N.Y.C.R.R. § 701.5(b)(4).[2]

The Court finds that Plaintiff filed a grievance which should have placed DOCCS on notice that he was grieving a preventable assault.  That grievance was then determined to relate solely to FOIL issues and dismissed.  Plaintiff unsuccessfully followed the procedure for appealing that denial.  On the particular facts of this case, the Court finds

---

[2] Plaintiff could have filed a new grievance, challenging the dismissal of the first grievance, *Amaker v. Fischer*, 2016 WL 3974182, at *3, but doing so would not have squarely presented the assault allegations for review and Defendant does not suggest Plaintiff was obligated to do so under these circumstances.

that given DOCCS' decision about how to treat this grievance, Plaintiff exhausted his remedies to the extent possible under the applicable regulations.

### B. Failure to Protect

Defendant also seeks summary judgment on the merits of Plaintiff's failure to protect claim. He seeks summary judgment on the ground that Plaintiff cannot establish either the objective or subjective prongs of the deliberate indifference standard governing his failure to protect claim. Def.'s Mem. of Law at pp. 4-7. With respect to the merits, the Court recommends that the Motion be granted.

"Prison officials . . . must 'take reasonable measures to guarantee the safety of the inmates.'" *Justice v. Hulihan*, 2013 WL 5506326, at *2 (N.D.N.Y. Oct. 4, 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "When examining a failure to protect claim under the Eighth Amendment, a court must determine whether the inmate has demonstrated that 1) he was incarcerated under conditions posing a substantial risk of serious harm, and that 2) prison officials exhibited deliberate indifference to the inmate's plight." *Murray v. Goord*, 668 F. Supp. 2d 344, 357 (N.D.N.Y. 2009) (citing cases).

In regard to the objective prong, Plaintiff has failed to allege sufficient facts to establish an Eighth Amendment violation because he does not plausibly allege that he was incarcerated under circumstances presenting a substantial risk of serious harm. Courts have found that "a substantial risk of harm can only be demonstrated where there is evidence of a previous altercation between a plaintiff and his attacker, coupled with a complaint by plaintiff regarding the altercation or a request by plaintiff to be separated from the attacker." *Dublin v. New York City Law Dep't*, 2012 WL 4471306, at *5

(S.D.N.Y. Sept. 26, 2012) (citing *Desulma v. City of New York*, 2001 WL 798002, at *6 (S.D.N.Y. July 6, 2001)).  Plaintiff testified at his deposition that he had no prior history of problems with his attacker.  Pl.'s Dep. at pp. 19 & 41-42.  He testified that on the day of the attack he had no reason to believe he would be attacked.  *Id.* at p. 17.  He, in fact, described the attack as "unexpected."  *Id.* at p. 17.[3]  Defendant's Declaration notes that he was not aware of any threat against Plaintiff on the day in question and had no reason to believe that Plaintiff, or any other inmate, would be the victim of an assault that day.  Eigo Decl. at ¶ 12.

Nor does the record demonstrate any basis for finding that Plaintiff could establish the subjective element of the standard here.  Under the governing legal rules "a plaintiff must show that prison officials actually knew of, but disregarded, an excessive risk to his health and safety - 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  *Murray v. Goord*, 668 F. Supp. 2d 344, 358 (N.D.N.Y. 2009) (quoting *Farmer v. Brennan*, 511 U.S. at 837).  There is no evidence in the record that Defendant knew of a risk of serious potential harm to Plaintiff.  As just noted, he was neither aware of a specific threat nor had any reason to be aware of one on the day Plaintiff was attacked.  Eigo Decl. at ¶ 12.  Plaintiff offers no evidence to raise a question of fact as to Defendant's statements and, in fact, his own testimony that he had no reason to suspect he would be

---

[3] Contrary to Plaintiff's suggestion, *see* Dkt. No, 37, Pl.'s Mem. of Law at p. 3, the mere existence of metal detectors at the entrance to the facility yard, does not demonstrate knowledge of a particularized risk of harm to Plaintiff.  *See Bussey v. Miller*, 2020 WL 4719957, at *11 (W.D.N.Y. July 1, 2020), *report and recommendation adopted*, 2020 WL 4705208 (W.D.N.Y. Aug. 12, 2020); *Fisher v. Miller*, 2018 WL 4610679, at *7-8 (N.D.N.Y. Apr. 30, 2018), *report and recommendation adopted*, 2018 WL 3854000 (N.D.N.Y. Aug. 14, 2018) (citing cases).

attacked further demonstrates the absence of deliberate indifference.  Pl.'s Dep. at pp. 19 & 41-42.

"The standard for failure to protect claims is high," *Walsh v. Goord*, 2007 WL 1572146, at *9 (W.D.N.Y. May 23, 2007), and "conclusory and general allegations . . . are insufficient to survive a motion for summary judgment." *Hannah v. Vanguilder*, 2010 WL 1372385, at *7 (N.D.N.Y. Feb. 11, 2010), *report and recommendation adopted*, 2010 WL 1404276 (N.D.N.Y. Apr. 7, 2010).  On this record, Plaintiff has failed to raise a triable issue of fact sufficient to defeat summary judgment.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 30) be **GRANTED**; and it is further

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN</u>**

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: April 22, 2021
     Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge