UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL JOHNSON,

                              Plaintiff,

    -against-                                      9:19-CV-1075 (LEK/DJS)

H. EIGO,

                              Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Michael Johnson brings this pro se action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his confinement at the Eastern Correctional Facility ("Eastern C.F."). Dkt. No. 1 ("Complaint"). Plaintiff commenced this action on August 30, 2019 and filed his application to proceed in forma pauperis the same day. See Docket. After review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the district court dismissed certain claims made in the Complaint and permitted only Plaintiff's failure to protect claim against defendant Eigo to proceed. Dkt. No. 9 at 6–8.

On January 19, 2021, Defendant filed a motion for summary judgment seeking to dismiss the Complaint in its entirety. Dkt. No. 30 ("Motion"). On March 16, 2021, Plaintiff filed a response opposing the Motion. Dkt. No. 36 ("Response"). On April 22, 2021, the Honorable Daniel J. Stewart, United States Magistrate Judge, recommended that the Court grant Defendant's motion for summary judgment and that the Complaint be dismissed. Dkt. No. 40 ("Report-Recommendation"). On June 3, 2021, Plaintiff filed timely objections to the Report-Recommendation. Dkt. No. 46 ("Objections"). For the reasons set forth below, the Court

approves and adopts the Report-Recommendation with modification.

## II. BACKGROUND

### A. Factual Allegations

Plaintiff's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 2–3. For convenience, the Court summarizes them here.

On August 13, 2017, Plaintiff was assaulted by another inmate in the main recreation yard of Eastern C.F. Dkt. Nos. 37 ("Johnson Decl.") ¶ 6; 30-4 ("Eigo Decl.") ¶ 7. Defendant was a correction officer assigned to the recreation yard and responded to the attack after it began. Eigo Decl. ¶¶ 6-9; Dkt. No. 30-3 ("Johnson Dep.") at 18–19. Prior to the assault, neither Plaintiff nor Defendant had any reason to believe an attack was imminent. Eigo Decl. ¶ 12; Johnson Dep. at 17.

On August 31, 2017, Plaintiff filed a grievance at Eastern C.F. claiming he had been the victim of a preventable assault. Dkt. No. 30-5 ("Black Decl.") ¶ 24, Ex. A. Plaintiff's grievance also referenced outstanding requests under the New York Freedom of Information Law ("FOIL"). Id. ¶ 24, Ex. A. Eastern C.F.'s Inmate Grievance Resolution Committee ("IGRC") categorized the grievance as one relating to FOIL and dismissed it as non-grievable. See id. at Exs. B, D. Plaintiff's appeal of the dismissal to the IGRC supervisor was unsuccessful. Id. at Ex. D.

### B. The Report-Recommendation

On April 22, 2021, Judge Stewart recommended granting Defendant's motion for summary judgment reasoning that, although Plaintiff had properly exhausted his administrative remedies, the Complaint should be dismissed on its merits. See R. & R. at 4. Judge Stewart found that Plaintiff failed to allege facts sufficient to meet either the objective or subjective

prongs of the deliberate indifference standard that governs an Eighth Amendment failure to protect claim. See id. at 9. The magistrate judge found that Plaintiff failed to plausibly allege the objective prong—incarceration under conditions posing a substantial risk of serious harm—because Plaintiff alleged no facts demonstrating evidence of a previous altercation with his attacker or a complaint by Plaintiff regarding such an altercation. See id. at 9–10. Judge Stewart likewise found Plaintiff failed to plausibly allege the subjective prong—that Defendant was aware of facts giving rise to an inference of the risk and that he had, in fact, drawn the inference—because no facts alleged could show Defendant was aware of a specific threat to Plaintiff on the day of the attack. See id. at 10.

### C. Objections

On June 3, 2021, Plaintiff filed objections to the Report-Recommendation. See Docket. Construed liberally, Plaintiff's objections assert that a general substantial risk of serious harm to Plaintiff existed and Defendant was deliberately indifferent because he did not respond appropriately when Plaintiff was attacked. See Objections at 2-4.

## III. STANDARDS OF REVIEW

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a

mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). To qualify as a specific, rather than general, objection, the objection must, "with particularity, identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." See Garcia v. Duvall, No. 09-CV-884, 2012 WL 42270, at *1–2 (N.D.N.Y. Jan. 9, 2012) (internal quotation marks omitted); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. Salahuddin v. Gourd, 467 F.3d 263, 272–73 (2d Cir. 2006). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential

4

to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. Salahuddin, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998).

The Second Circuit has established that on summary judgment motions "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (emphasis in original). "At the summary judgment stage, a nonmoving party must offer some hard evidence showing that [his] version of the events is not wholly fanciful." Id. (citation and internal quotation marks omitted). Accordingly, statements "that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." Bickerstaff v. Vassar Coll., 196 F.3d 435, 452 (2d Cir. 1999).

In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 309 (2d Cir. 2008). Where a party is proceeding *pro se*, the court is obligated to "read [the *pro se* party's] supporting papers liberally, and . . .

interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

In applying the summary judgment standard, the district court should not weigh evidence or assess the credibility of witnesses. Hayes v. New York City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996); Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996) (credibility issues, which are questions of fact for resolution by a jury, are inappropriately decided by a court on a motion for summary judgment).

## IV. DISCUSSION

The Court finds Plaintiff's Objections to be general and mere reiterations of previous arguments made to the magistrate judge. Therefore, the Court reviews the Report-Recommendation for clear error and finds none. The Court adopts the Report-Recommendation with the following modification added to the magistrate judge's analysis of Plaintiff's failure to protect claim.

### A. Failure to Protect Standard

The magistrate judge sets forth the correct standard for an Eight Amendment failure to protect claim. The court must determine "whether the inmate has demonstrated that 1) he was incarcerated under conditions posing a substantial risk of serious harm, and that 2) prison officials exhibited deliberate indifference to the inmate's plight." Murray v. Goord, 668 F. Supp. 2d 344, 357 (N.D.N.Y. 2009) (citing cases).

A substantial risk of serious harm may be shown "where there is evidence of a previous altercation between a plaintiff and an attacker, coupled with a complaint by plaintiff regarding the altercation or request by plaintiff to be separated from the attacker." Gilmore v. Rivera, No.

6

13-CV-6955, 2014 WL 1998227, at *3 (S.D.N.Y. May 14, 2014); Dublin v. New York City Law Dep't, No. 10-CV-2971, 2012 WL 4471306, at *5. (S.D.N.Y. Sept. 26, 2012) (citing Desulma v. City of New York, No. 98-CV-2078, 2001 WL 798002, at *6 (S.D.N.Y. July 6, 2001)). The Court finds no clear error in the magistrate judge's analysis of the particularized threat to Plaintiff or the magistrate judge's finding that Plaintiff failed to allege facts sufficient to withstand summary judgment regarding such a particularized threat.

However, substantial risk may be demonstrated—not only by showing a danger posed by a specific inmate—but also by showing a more general, excessive risk faced by all prisoners in the plaintiff's situation. See Farmer v. Brennan, 511 U.S. 825, 843 (1994) ("[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."); see also Brown v. Budz, 398 F.3d 904, 915 (7th Cir. 2005) ("Indeed, 'it does not matter . . . whether a prisoner faces an excessive risk of attack for reasons personal to him or *because all prisoners in his situation face such a risk*.'") (citing Farmer, 511 U.S. at 843) (emphasis original).

Likewise, deliberate indifference to such a general risk may establish the second prong of a failure to protect claim. Id. The official must both be aware of facts from which they could draw the inference that a substantial risk of serious harm exists, and must also draw the inference. Murray, 668 F. Supp. 2d at 358 (quoting Farmer, 511 U.S. at 837). However, officials are not deliberately indifferent if they react reasonably to the risk of harm. Farmer, 511 U.S. at 845 ("[P]rison officials who act reasonably cannot be found liable under the [Eighth Amendment]."); see also Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 620 (2d

7

Cir. 1996) (a prison official is deliberately indifferent where there is a substantial risk of harm and they "fail to take reasonable measures to abate the harm"); Justice v. Hulihan, No. 9:11-CV-419, 2013 WL 5506326, at *2 (N.D.N.Y. Oct. 4, 2013) ("Prison officials . . . must 'take reasonable measures to guarantee the safety of the inmates.'") (quoting Farmer, 511 U.S. at 832).

### B. Plaintiff's General Risk Claim

Plaintiff's Response may make the argument that (1) all inmates in the recreation yard faced an excessive, general risk, (2) Plaintiff faced a substantial risk of serious harm as a member of the at-risk group at the time of attack, and (3) Defendant was aware of this risk due to the presence of metal detectors at the entrance of the yard and a pattern of assaults in the facility. See Response at 3 ("The obvious fact that the facility has metal detectors, at the entrance of the yard . . . because of the occurring patterns of assaults . . . there is a risk of harm or assault on inmates.").

However, Plaintiff fails to set forth sufficient facts from which a reasonable jury could conclude there was a substantial risk of excessive danger to inmates in the recreation yard. Plaintiff merely makes the conclusory allegation in his Response that there are metal detectors and "occurring patterns of assaults and violations" throughout the facility. Id.

Likewise, Plaintiff fails to allege sufficient facts from which a reasonable jury could conclude the Defendant was aware of a general substantial risk of serious harm to inmates in the yard. In a sworn statement, Defendant declares he was not aware of any potential threat or risk regarding Plaintiff or other inmate-on-inmate violence on the morning of the attack. Eigo Decl. at 3. Plaintiff offers no evidence to rebut Defendant's assertion. Plaintiff's deposition testimony shows that he himself was not aware of any risk in the recreation yard. Plaintiff testified he had

no reason to believe he would be attacked in the yard that day, Johnson Dep. at 17, and described the attack as "unexpected," id.

Further, even if Plaintiff had pled sufficient facts to establish a general, substantial risk of serious harm and that Defendant was aware of it, Plaintiff has failed to allege sufficient facts to show that Defendant acted unreasonably in response to the risk.

Plaintiff argues that a failure to screen inmates at the entrance to the recreation yard shows unreasonable, reckless behavior sufficient to prove deliberate indifference. Plaintiff's Resp. at 1–2. However, a mere failure to employ certain protective measures, such as metal detectors, is not sufficient to establish deliberate indifference. See Bussey v. Miller, No. 16-CV-00082, 2020 WL 4719957 (W.D.N.Y. July 1, 2020), report and recommendation adopted, No. 16-CV-82, 2020 WL 4705208 (W.D.N.Y. Aug. 12, 2020) (citing Matthews v. Armitage, 36 F. Supp. 2d 121, 126 (N.D.N.Y. 1999) ("Additional precautions might have prevented the stabbing here, but the failure to institute such precautions at most constituted negligence.")). Further, Defendant has offered evidence that he was not stationed at the entrance to the yard and was not responsible for screening inmates. Eigo Decl. at 2. Plaintiff has not set forth any contrary evidence sufficient to create a material issue of fact. Thus, any alleged failure to screen does not weigh on the question of Defendant's deliberate indifference.

Defendant sets forth more unrebutted evidence in his declaration that he acted reasonably. See id. Defendant states that as soon as he observed the attack, he acted immediately, called for backup, and ordered the individuals involved on the ground. Id. at 2. Plaintiff's deposition testimony echoes Defendant's assertions. Plaintiff testified that he heard Defendant yelling to get on the ground before Plaintiff could even turn to respond to the attack. See Johnson Dep. at 18-

9

19. Plaintiff further testified that Defendant became involved "not even a second" after Plaintiff was hit. See id. at 22. Given these undisputed facts, Plaintiff has failed to allege that Defendant acted unreasonably in responding to any risk that may have been present.

Just as Plaintiff has failed to adequately set forth facts to defeat summary judgment regarding Defendant's alleged deliberate indifference to a specific threat, Plaintiff has likewise failed to allege facts to defeat summary judgment regarding any general threat that may have existed.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 40) is **APPROVED and ADOPTED** with the above modification; and it is further

**ORDERED**, that Defendant's Summary Judgment Motion (Dkt. No. 30) is **GRANTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	June 29, 2021
	Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge